Matter of Timm (2025 NY Slip Op 01410)

Matter of Timm

2025 NY Slip Op 01410

Decided on March 13, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 13, 2025

CV-23-1547
[*1]In the Matter of the Estate of Ruth A. Timm, Deceased. Glenn St. Julien, Appellant; Dell St. Julien, Respondent.

Calendar Date:January 15, 2025

Before:Egan Jr., J.P., Aarons, Fisher, McShan and Mackey, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Syracuse (Nicole K. Macris of counsel), for respondent.

McShan, J.
Appeal from an order of the Surrogate's Court of Schuyler County (Matthew C. Hayden, S.), entered July 24, 2023, which, in a proceeding pursuant to SCPA 702, dismissed the petition for failure to prosecute.
In August 2017, Ruth A. Timm (hereinafter decedent) died testate. She was survived by her three children — petitioner, respondent and Deborah St. Julien. In June 2021, petitioner commenced this proceeding seeking letters of limited administration. A return date regarding the petition and associated citation was scheduled for November 1, 2021, and respondent was served with the citation and filed a notice of appearance before Surrogate's Court in October 2021. Petitioner's then-counsel requested an adjournment of the proceeding, which Surrogate's Court granted, adjourning the proceeding until December 2021. Thereafter, petitioner substituted counsel on two occasions and made multiple requests for adjournments, each one requiring that a supplemental citation be filed and served on respondent. Surrogate's Court conditioned the most recent adjournment on petitioner finding new counsel within 30 days and filing and serving a supplemented citation within 60 days. Days before the 30-day deadline, petitioner made another request to adjourn the proceeding. Surrogate's Court denied the request and dismissed the petition without prejudice based on a failure to prosecute (see CPLR 3216 [a]; see also SCPA 2701). The court further articulated in its order that, upon filing a petition seeking the same relief, petitioner would be required to post a bond or pay money into court sufficient to finance all expenses of discovery — a minimum of $5,000 — without prejudice to his right to seek reimbursement. Petitioner appeals.
As limited by his brief, petitioner's sole contention on appeal is that Surrogate's Court abused its discretion in setting the minimum amount of security at $5,000 in the event that petitioner refiled for letters of limited administration. However, that aspect of Surrogate's Court's decision is dicta, as it "was not necessary" to the court's determination to dismiss the petition before it for failure to prosecute (Matter of Kosmo Family Trust [Wieland-Savino], 176 AD3d 1465, 1467 [3d Dept 2019]; see Matter of RT 13 Rocks LLC v Town of Cortlandville, 229 AD3d 1018, 1020 [3d Dept 2024]). Accordingly, "[b]ecause disagreement with dicta does not provide a basis to take an appeal, the appeal must be dismissed" (Matter of FMC Corp. v New York State Dept. of Envtl. Conservation, 151 AD3d 1416, 1417 [3d Dept 2017] [internal citations omitted]; see Matter of Doe v Rensselaer Polytechnic Inst., 172 AD3d 1691, 1692 [3d Dept 2019]).
Egan Jr., J.P., Aarons, Fisher and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.